USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/16/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRED ALSTON, as a Trustee of the LOCAL 272 LABOR-MANAGEMENT PENSION FUND; FRED ALSTON, as a Trustee of THE LOCAL 272 WELFARE FUND,

        Plaintiffs,

    -against-

CENTERPARK SERVICES LLC, et al.,

        Defendants.

24-CV-7393 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

This is an ERISA action, brought by the trustee of two union benefit funds (Funds) to enforce the obligations of the defendant employers (collectively, Centerpark) to make contributions to the Funds. On December 13, 2024, Centerpark filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Dkt. 19), arguing principally that the collective bargaining agreement (CBA) requiring it to make contributions to the Funds expired on September 8, 2023, whereas most of the contributions in dispute accrued, if at all, after that date.

The Funds' deadline for amending their pleading as of right was January 3, 2025. *See* Fed. R. Civ. P. 15(a)(1)(B). By stipulation, their deadline to oppose the motion to dismiss was January 10, 2025. (Dkt. 17 ¶ 2.)

On January 7, 2025, plaintiffs filed a "letter motion . . . both as a motion to amend the complaint and as a response to Centerpark's motion to dismiss the complaint" Pl. Ltr. (Dkt. 23) at 2, along with, *inter alia*, a proposed amended complaint. (Dkt. 23-3.) Plaintiffs make no defense of their original Complaint. Instead, they propose to address the issue raised by Centerpark by alleging that Centerpark signed a written agreement, known as a "Me Too" agreement (a copy of which they attach), requiring that it continue to make ERISA contributions to the Funds through

June 30, 2024. Pl. Ltr. at 2 & Ex. A (Dkt. 23-1); *see also* Prop. Amend. Compl. ¶ 12.

Motions for leave to amend are not among the motions that may be made, in this district, by letter-application. *See* S.D.N.Y. ECF Rules & Instructions § 13.1. Nonetheless, in the interest of efficiency – and given that plaintiffs missed their automatic-amendment deadline by only four days – the Court is inclined to permit the amendment, thus mooting the pending motion to dismiss. Any motion to dismiss the Amended Complaint would be due 14 days after the filing of the Amended Complaint (unless the parties stipulate to a different schedule).

It is hereby ORDERED that Centerpark shall advise the Court in writing, no later than **January 21, 2025**, whether it consents to the proposed amendment (without prejudice to its rights to move against the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), or otherwise). If it does not consent, it must also file, **no later than January 21, 2025**, its brief in opposition to the motion for leave to amend.

Dated: New York, New York       SO ORDERED.
       January 16, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**